IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**UNITED STATES OF AMERICA,**

      **Plaintiff,**

vs.                                                **NO. CR-94-533 JP**

**VERONICA FRANCISCO,**

      **Defendant.**


## MEMORANDUM OPINION AND ORDER

On September 5, 2003, Defendant filed a Motion to Correct Clerical Error in Judgment Nunc Pro Tunc (Doc. No. 66). The Government filed its Response (Doc. No. 67) on September 17, 2003. Having fully considered the briefs and the relevant case law, the Court finds that Defendant's Motion should be GRANTED.

**BACKGROUND**

On July 7, 1994, Defendant Veronica Francisco surrendered to the United States Marshals Service in response to an arrest warrant issued by the United States Parole Commission ("USPC"). The arrest warrant was based on allegations that Defendant had violated parole conditions attached to her sentence in U.S.D.N.M. No. Cr. 88-58. These alleged parole violations, which included possession of firearms, resulted in the criminal charges being filed against Defendant in this case. Subsequently, USPC sentenced Defendant to 34 months imprisonment for her parole violations. Defendant has remained in federal custody since her

surrender on July 7, 1994.

On September 9, 1994, the Government filed an Indictment against Defendant in this case, charging her with seven counts of firearms and narcotics-related charges. On December 20, 1994, the Government and Defendant entered into a plea agreement in which Defendant agreed to plead guilty to one count of being a felon in possession of a firearm and a career criminal. Under FED. R. CRIM. P. 11(e)(1)(c)[1], the Government and Defendant agreed to a specific sentence of 15 years of imprisonment. The Government further agreed not to oppose Defendant's request to the Court that the fifteen year sentence run concurrently with the 34 month sentence imposed by the USPC in No. Cr. 88-58 for Defendant's parole violations. In addition, the parties stipulated that Defendant should receive credit for the time she spent in federal custody between the date of her arrest and her sentencing date in this matter.

On February 15, 1995, this Court held a sentencing hearing. At the sentencing hearing, Defendant asked the Court to impose Defendant's fifteen year sentence to run concurrently with the 34 month sentence for her parole violation, and further, that Defendant's fifteen year sentence be "backdated" to begin on July 7, 1994, the date that Defendant began serving time in federal custody for her parole violation. Tr. at 9. In response to this request, the Court stated that Defendant "will be given credit for all time held in federal custody." Tr. at 9. In addition, the Court asked the Probation Officer for clarification about the exact date that Defendant had surrendered to United States Marshals, and requested that an error on the Presentence Report be corrected to accurately reflect that Defendant had been in federal custody since July 7, 1994. Tr. at 10-11. The Court then asked the parties whether the Court had discretion to impose a

---

[1] Now FED. R. CRIM. P. 11(c)(1)(c).

concurrent sentence in this case, and counsel for both Defendant and the Government responded that the Court did have such discretion under 18 U.S.C. § 3584. Tr. at 12-13. The Court then accepted the parties' plea agreement and imposed the fifteen year sentence, stating that under 18 U.S.C. § 3584, the "sentence should run concurrently with the sentence Defendant is serving for parole violation in Criminal 88-58." Tr. at 18. However, the Court did not explicitly state in the oral pronouncement of the sentence that the sentence should begin to run from Defendant's surrender date of July 7, 1994. Moreover, the written judgment and commitment order also did not state that the sentence should begin to run from Defendant's surrender date.

**DISCUSSION**

Defendant now moves under FED. R. CRIM. P. 36 for this Court to correct an error in the judgment, nunc pro tunc, to clarify that the Court intended for the fifteen year sentence to run from July 7, 1994, rather than from the sentencing date, February 15, 1995. Although the oral pronouncement of the sentence and the written judgment are silent as to the date that the sentence was to begin running, Defendant argues that the transcript from the sentencing hearing clearly indicates the Court's intention that the sentence commence on July 7, 1994. Moreover, Defendant points out that the Government stipulated in the plea agreement that Defendant should receive credit for the time that she spent in federal custody between the date of her arrest and the date of her sentencing.

Rule 36 states that a court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from an oversight or omission." FED. R. CRIM. P. 36. As the Tenth Circuit has noted, a court may use Rule 36 to issue an order that will "conform the sentence to the term which the record indicates was intended."

United States v. Rush, 1992 WL 138620 at *2 (10th Cir. 1992) citing United States v. Kaye, 739 F.2d 488, 490 (9th Cir. 1984).  Courts often use Rule 36 to issue orders clarifying whether a sentence was intended to be imposed concurrently with or consecutively to another sentence that a defendant is serving.  See, e.g., United States v. Sasser, II, 974 F.2d 1544, 1561-62 (10th Cir. 1992); Rush, 1992 WL 138620 at *2; Kaye, 739 F.2d at 490; United States v. McAfee, 832 F.2d 944, 946 (5th Cir. 1987).  In addition, courts also have used Rule 36 to adjust a sentence to a lesser period of time when such an adjustment comports with the court's intention at the time of sentencing.  See United States v. Hill, 1999 WL 176202 at **1 (10th Cir. 1999) (adjusting sentence to reflect time defendant had spent in federal custody prior to sentencing date); United States v. Crecilius, 751 F.Supp. 1035, 1037 (D.R.I. 1990) (adjusting sentence to conform to court's intention that defendant serve minimum time permissible under guidelines).  However, Rule 36 does not give a court authority to substantively modify a defendant's sentence in a manner that does not reflect the court's original intention.  See United States v. Blackwell, 81 F.3d 945, 948 (10th Cir. 1996).  Thus, a court may not use Rule 36 to correct an error of law contained in the judgment, or to reduce a sentence to a term that the court had not intended at the time of sentencing.  See id.; United States v. Penna, 319 F.3d 509, 513 (9th Cir. 2003).

 As Defendant correctly points out, the transcript from the sentencing hearing clearly indicates this Court's intention that the fifteen year sentence imposed against Defendant was to begin running on July 7, 1994.  As the transcript reflects, after counsel for Defendant requested that the sentence begin running from the date of Defendant's surrender, the Court assured Defendant that she would be given credit for all the time she had been held in federal custody.  Tr. at 9.  The Court then proceeded to inquire from the Probation Officer about the precise date that

4

Defendant had surrendered to United States Marshals, and requested that the Probation Officer change the Presentence Report to indicate the correct surrender date.  Tr. at 10-11.  From these statements made at the sentencing hearing, it is evident that the Court intended Defendant's fifteen year sentence to begin running on July 7, 1994.

The Government opposes Defendant's motion on the ground that the Court does not have authority to award Defendant credit for the time she served in federal custody, or to order the Bureau of Prisons ("BOP") to credit the time against Defendant's sentence.  Plf. Br. (Doc. No. 67) at 1-2.  However, by adjusting Defendant's sentence to reflect the Court's original intention, the Court is not impermissibly awarding Defendant credit for the time she spent in presentence custody, nor is it ordering the BOP to award Defendant such credit.  Courts have held that an adjustment of a sentence to reflect the presentence time that a defendant had spent in federal custody does not usurp the authority of the Bureau of Prisons to award a defendant credit for time served.  See Ruggiano v. Reish, 307 F.3d 121, 132 (3d Cir. 2000) (noting the difference between the type of "credit" that a sentencing court may award a defendant from the type of "credit" the Bureau of Prisons awards under 18 U.S.C. § 3585(b)).

The Government next contends that Defendant's argument is predicated on the Court's application of U.S.S.G. § 5G1.3(b), which the Government argues is inapplicable in this situation.  While Defendant has cited U.S.S.G. § 5G1.3(b) and its accompanying Application Notes in her brief to illustrate a similar instance in which a sentencing court accounts for the time a defendant has spent in presentence custody, Defendant's motion is not predicated on the Court's application

5

of Section 5G1.3(b).[2] As the Court stated at the sentencing hearing and in the judgment and commitment order, the Court's decision to impose a concurrent sentence was based on its authority under 18 U.S.C. § 3854, not U.S.S.G. § 5G1.3(b).  At the sentencing hearing, both parties acknowledged that the Court had discretion to impose a concurrent sentence under 18 U.S.C. § 3854, and the Government did not object to Defendant's request that the Court "backdate" the sentence so that it would start to run from July 7, 1994.  Furthermore, as the Tenth Circuit has noted, a district court has discretion in such situations to impose a concurrent sentence, and to "backdate" the sentence to account for time that a defendant has spent in federal custody.  See United States v. Roberts, 1994 WL 693241 at **4 (10th Cir. 1994) (finding no abuse of discretion in district court's decision to impose a concurrent sentence and to "backdate" the sentence so that it would begin to run from the date that defendant's federal custody began).

The Government further asserts that, by adjusting Defendant's sentence to begin running from July 7, 1994, the Court effectively will reduce Defendant's sentence from fifteen years to fourteen years, four months, and twenty-two days.  According to the Government, such an adjustment would violate the terms of the plea agreement, which calls for a specific sentence of fifteen years.  Plf. Br. (Doc. No. 67) at 4.  Yet, the Government's argument ignores the fact that Defendant had spent the period between July 7, 1994 and February 28, 1995 in federal custody.  Accordingly, adjusting Defendant's sentence to begin running on July 7, 1994 will not result in a reduction in Defendant's overall sentence, because the total amount of time that Defendant will

---

[2] Moreover, since the Court made no mention of Section 5G1.3(b) at Defendant's sentencing hearing or in the written judgment and commitment order, it would be improper under FED. R. CRIM. P. 36 for the Court now to apply Section 5G1.3(b) in order to modify Defendant's sentence.  See Blackwell, 81 F.3d at 948 (court may not use Rule 36 to substantively modify a Defendant's sentence).

spend in federal custody is fifteen years, adjusted for any good time credit the Bureau of Prisons may award.

It is ORDERED that Defendant's Motion to Correct Clerical Error in Judgment Nunc Pro Tunc is GRANTED.

                                                 */s/ James A. Parker*
                                     SENIOR UNITED STATES DISTRICT JUDGE